NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ODILA PENALOZA, individually and as the Successor in Interest to Erick Aguirre; SAMANTHA GOODE, an individual,

        Plaintiffs-Appellees,

 v.

CITY OF RIALTO; et al.,

        Defendants-Appellants,

 and

DOES, 1-10, inclusive,

        Defendant.

No.   20-55164

D.C. No.
5:19-cv-01642-SVW-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 18, 2020**
Pasadena, California

Before: FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Officers Jarrod Zilke and Matthew Lopez appeal the district court's denial of their motion for summary judgment on Samantha Goode's ("Goode's") excessive force claims under 42 U.S.C. § 1983. They challenge the district court's denial of qualified immunity on Goode's claims of excessive force arising out of the release of Zilke's police dog, Boda.

We have jurisdiction over the officers' appeal under 28 U.S.C. § 1291. We affirm in part and reverse in part.

We review de novo a district court's denial of summary judgment on qualified immunity grounds. *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). In our review, we take "the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007)).

Determining whether an officer is entitled to qualified immunity is a two-step inquiry. *Tuuamalemalo v. Greene*, 946 F.3d 471, 476 (9th Cir. 2019). First, did the officer's conduct violate a constitutional right? *Scott v. Harris*, 550 U.S. 372, 377 (2007). Second, was the constitutional right clearly established? *Id.* For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). We look to "cases relevant to the situation [the officer] confronted, mindful that there need not be a

case directly on point." *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1013 (9th Cir. 2016) (internal quotation marks and citations omitted).

**1.** We affirm the denial of qualified immunity as to Officer Jarrod Zirkle ("Zirkle"), Boda's handler, for the release of Boda onto Goode. Goode was the passenger in a car Zirkle pulled over for an expired registration. The driver initially tried to evade police—leading Zirkle in a chase—but once the car stopped, Goode exited the car and knelt on the ground. Zirkle approached the passenger side of the car with Boda, planning to send Boda into the car to bite the driver, Erick Aguirre. Zirkle feared Aguirre had a gun and began shooting Aguirre, who died at the scene from the gunshot wounds. Zirkle also released Boda, and the dog lunged for Goode and bit her for 28 seconds, resulting in serious damage to her leg.

Although Zirkle alleges he never intended for Boda to bite Goode, Goode alleges that Zirkle intentionally pushed Boda towards her, and that Boda "target-locked" on her. Because we must view the facts in the light most favorable to Goode, we must assume that Zirkle intentionally released Boda onto Goode.

Our precedent clearly establishes that releasing a police dog to bite a person who neither endangers officers nor attempts to flee or resist arrest violates that person's Fourth Amendment right to be free from unreasonable seizure. *See Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (allowing dog to bite suspect for "excessive duration" violated clearly established law); *Mendoza v.*

3

*Block*, 27 F.3d 1357, 1362 (9th Cir. 1994) (observing that "excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control").

Viewing the evidence in the light most favorable to Goode, Zirkle intentionally released Boda to bite a woman who posed no threat to officers and who was not fleeing or resisting arrest. We therefore conclude that the district court did not err in denying Zirkle's motion for summary judgment on the basis of qualified immunity.

**2.** We reverse the denial of qualified immunity as to Officer Matthew Lopez ("Lopez"). Goode argues that Lopez's liability stems from his failure to intervene and stop Boda from biting her. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen," but only when they have a "realistic opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81 (1996)) (internal quotation marks omitted).

Even assuming Lopez's conduct violated Goode's Fourth Amendment right to be free from unreasonable seizure, that constitutional right was not clearly established. Our precedent does not clearly establish when an officer has a "realistic opportunity to intercede." In the one case where we considered such a

claim, we concluded that the officers did not have a realistic opportunity to intervene and therefore the officers were entitled to qualified immunity. *See Cunningham v. Gates*, 229 F.3d at 1289–90 (concluding that bystander officers present at a shootout between fellow officers and suspects did not have a reasonable opportunity to stop fellow officers from shooting). Because the law does not clearly establish when an officer must intervene, Lopez is entitled to summary judgment on qualified immunity grounds for his failure to intervene when Boda was biting Goode.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.** Each side shall bear their own costs on appeal.